Sell *v.* Steller.

## S. ELIZABETH SELL

*v.*

## JOHN STELLER, JR.

A creditor agreed that if his debtor would apply for and procure the insurance of his (the debtor's) life in an indicated insurance association, and for a designated sum in a specified manner, that he (the creditor) would, from time to time, pay the premium assessments necessary to keep the insurance alive, and, at the debtor's death and the creditor's receipt of the proceeds of the insurance, would apply the same to the reimbursement of the expenditures for premiums, with interest, and then to the satisfaction of his debt, with interest, and pay over to the debtor's wife whatever balance should remain of such proceeds.—*Held,* (1) that there was sufficient consideration to support the creditor's promise, and (2) that the proceeds of the insurance in the creditor's hands are there upon a trust, the performance of which the debtor's wife may enforce by suit in equity.

On demurrer to bill.

The bill alleges that the complainant's husband, George W. Sell, prior to the 6th of March, 1884, was indebted to the defendant in the sum of $800, and that the complainant proposed to him that he should secure such indebtedness by taking out life insurance policies on his life, to the aggregate amount of $8,500, in the Northwestern Masonic Aid Association, payable to Ida Steller, the defendant's wife, who was a sister of George W. Sell, as a beneficiary of the blood of George W. Sell, and hence recognized by the association, to whom the insurance money should be paid upon the event of George W. Sell's death, and that he (Steller) would pay the assessments necessary to keep the policies alive, and upon the payment of the insurance money to Ida Steller and the transfer of the same by her to him, the defendant, he, after deducting therefrom the $800 indebtedness with interest and such sums as he should pay for assessments to keep the policies alive, with interest, would pay the remainder of the proceeds of the policies to the complainant; that George W. Sell acquiesced in this proposition, and, upon

the date stated, made application for insurance on his life to the amount of $8,500 in the association named, and was duly insured therein; also, that he died on the 29th of March, 1894, and that the insurance money was afterwards paid to Ida Steller and transferred by her to the defendant, to whom there was then owing upon the $800 debt, and for assessments paid by him with interest, something less than $2,500; and that the defendant refuses to pay to the complainant the surplus of the insurance moneys over the amounts so due to him, according to his agreement with her husband, and prays that he may be required, by a decree of this court, to pay the same to her.

To this bill the defendant demurs, *first,* for want of equity; *second,* because the agreement to pay the residue of the proceeds from the insurance is not supported by consideration; and *third,* because the complainant has no standing to maintain her bill.

*Mr. Thomas Anderson,* for the complainant.

*Mr. George F. Tuttle,* for the demurrant.

THE CHANCELLOR.

The case, shortly stated, is that the complainant's husband was indebted to the defendant, and the defendant desired to obtain the security which life insurance of his debtor would afford him, and, being aware that he could not get that security without the co-operation of his debtor, proposed that the debtor should apply for and obtain such insurance in an indicated association, for a designated sum and in a specified manner, promising him that if he would do so, he, the defendant, would pay the assessments necessary to keep the insurance alive, and, upon the death of the debtor and the receipt of the proceeds of the insurance by the defendant, would first, out of such proceeds, reimburse himself his expenditures in keeping the insurance alive with interest, and next pay himself his debt with interest, and then pay the complainant whatever remained of the proceeds. The debtor agreed to the proposition, and, relying upon the promise of the defendant, applied for and obtained the in-

Sell *v.* Steller.

surance in the association, for the sum and in the manner proposed. He died. The proceeds of the insurance have come to the defendant, and, after paying the agreed payments to himself, he has a balance in his hands which the debtor's widow demands from him.

His promise to pay her that balance was not a mere voluntary undertaking. It was conditioned upon the debtor doing that which he hoped would secure his debt—that is, apply for and obtain insurance. In performing that condition the debtor gave valuable consideration for the promise, because he secured that which benefited the defendant in providing a possible means for the recovery of his debt, and, at the same time, at the defendant's request, he put himself to the inconvenience, trouble and expenditure of time in applying for and securing the insurance.

Mr. Justice Depue, in *Conover* v. *Stillwell, 5 Vr. 57,* said that " a consideration emanating from some injury or inconvenience to the one party, or from some benefit to the other party, is a valuable consideration." And in *Traphagen* v. *Voorhees, 17 Stew. Eq. 31,* Vice-Chancellor Van Fleet said, " a very slight advantage to one party, or a trifling inconvenience to the other, is a sufficient consideration to support a contract." Prior to the latter decision the same distinguished judge had, in *Day* v. *Gardner, 15 Stew. Eq. 202,* defined consideration in the same way.

The courts will not inquire into the adequacy of consideration in absence of the suggestion of fraud or deceit.

I think that, in this instance, there was sufficient consideration, both in the benefit the defendant received and in the inconvenience the complainant's husband suffered, to support the promise in question.

When the proceeds of the insurance reached the defendant's hands they became a trust fund which he was to apply to the satisfaction of his demands already specified and to the payment of the surplus thereof to the complainant. The enforcement of this trust by a beneficiary under it is sought in this suit. That she may maintain this action is consequent upon her beneficial interest, and is a well-recognized right. In *Cubberly* v. *Cub-*

*berly, 6 Stew. Eq. 86; affirmed on appeal, 6 Stew. Eq. 591,* Chancellor Runyon said : " If one person makes a promise to another, on lawful consideration, for the benefit of a third person, such third person may maintain an action, even at law, upon it. *Joslin* v. *Car Company, 7 Vr. 141."* The citation of other cases in support of this principle is unnecessary.

The demurrer will be overruled.